**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA VILLEGAS, individually, and as Successor in Interest to JAIME RODRIGUEZ, deceased, A.R., a minor, individually, and as Successor in Interest to JAIME RODRIGUEZ, deceased, by and through her Guardian ad Litem, OLIVIA VILLEGAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LONG BEACH, a municipal entity and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Substantive Due Process Violations)**<br><br>3. **Violations of Civil Rights (Cal. Civ. Code § 52.1)**<br><br>4. **Wrongful Death (Based on Battery)**<br><br>5. **Wrongful Death (Based on Negligence)** |

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. Plaintiff OLIVIA VILLEGAS is, and at all relevant times mentioned herein, was a resident of the County of Los Angeles and State of California. Plaintiff OLIVIA VILLEGAS is the surviving wife decedent JAIME RODRIGUEZ, who lost his life on July 9, 2022 in the officer involved shooting that forms the basis of the instant civil action.

4. Plaintiff A.R., is a minor and is at all relevant times mentioned herein, was a resident of the County of Los Angeles. PLAINTIFF A.R. is the surviving birth child of decedent JAIME RODRIGUEZ. Plaintiff A.R., brings this action by and through her birth mother and Guardian Ad Litem, OLIVIA VILLEGAS.

5. Defendant CITY OF LONG BEACH ("CITY") is and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

6. Plaintiffs are informed and believe, and there upon allege, that Defendant DEFENDANT DOE OFFICERS ("DEFENDANT DOE OFFICERS") is, and at all relevant times mentioned herein was, a resident of the County of LOS ANGELES and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DEFENDANT DOE OFFICERS was a sworn peace officer employed by the Defendant CITY and the Long Beach Police Department.

7. On or around January 3, 2023, a timely Claim for Damages was submitted to the City of Long Beach, in substantial compliance with California Government Code

2

§ 910, et seq. At the time of the filing of this Complaint, said Claim has been deemed denied.

8. Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them.

9. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matter herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

10. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

11. Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

12. This Complaint concerns a fatal officer-involved shooting which occurred during the afternoon hours of Saturday, July 9, 2022 at or around 1084 East 17th Street in the City of Long Beach and the County of Los Angeles, State of California, when heretofore unknown Long Beach Police Department Officers, while acting under the color of law and in the course and scope of their employment with the City of Long

3

Police Department negligently assessed the circumstances presented to them, and then violently confronted Jaime Rodriguez ("Mr. Rodriguez") without having probable cause or reasonable suspicion to believe that Mr. Rodriguez had committed a crime, or would commit a crime in the future.

15. During the course of the detention of Plaintiffs' decedent, JAIME RODRIGUEZ, Long Beach Police Department officers negligently assessed the circumstances presented to them, and then violently confronted Mr. Rodriguez Without warning as to the impending use of lethal force, DEFENDANT DOE OFFICERS proceeded to assault and batter Mr. Rodriguez by acts which included, but were not limited to, repeatedly and unjustifiably discharging department-issued firearms and less lethal projectile launchers at the person of JAIME RODRIGUEZ, inflicting multiple gunshot wounds and projectile wounds to RODRIGUEZ'S person. At no time during the course of these events did RODRIGUEZ pose any reasonable or credible threat of violence to DEFENDANT DOE OFFICERS, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Mr. Rodriguez suffered severe injuries as a direct and proximate result of the gunshot wounds inflicted upon his person by DEFENDANT DOE OFFICERS.

16. Plaintiffs further contend that DEFENDANT DOE OFFICERS were negligently hired, trained, and retained by the City of Long Beach and the Long Beach Police Department, in that it was or should have been plainly obvious to the City of Long Beach and the Long Beach Police Department that DEFENDANT DOE OFFICERS were a dangerous and violent employees, prone to discharge firearms without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and to assault and batter, persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification, all of which was a further proximate cause of the injuries sustained by Mr. Rodriguez as a result of the subject officer-involved shooting incident. Plaintiffs further contend that the death of Plaintiffs' decedent and the injuries suffered by Plaintiffs'

decedent and Plaintiffs were the proximate result of unconstitutional policies and customs of the City of Long Beach and the Long Beach Police Department, which include, but are not limited to, unjustifiably using excessive force, unjustifiably using deadly force against non-dangerous civilians and suspects, inadequately training and supervising patrol officers with respect to the reasonable and proper use of deadly force, inadequately training and supervising patrol officers with respect to the reasonable and proper officer procedures for the arrest and detention of mentally ill suspects, as well as the deliberate and conscious approval, endorsement, and ratification of unconstitutional seizures, unconstitutional uses of deadly force, and other unconstitutional acts by authorized final policymakers within the City of Long Beach and the Long Beach Police Department.

**FOR THE FIRST CAUSE OF ACTION**
**By ALL PLAINTIFFS**
**Against DEFENDANT DOE OFFICERS For Violations of Civil Rights**
**[42 U.S.C. §1983]**
**(Based on Unreasonable Use of Deadly Force)**

17.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

18.     This cause of action is in part brought on behalf of decedent JAIME RODRIGUEZ, by and through his Successors in Interest, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to JAIME RODRIGUEZ by the Fourth Amendment to the Constitution of the United States, which include, but are not limited to, the right to be free from unreasonable governmental seizures of his person.

19.     Plaintiffs are informed, believe, and thereon allege that at all times mentioned herein, Defendant CITY employed the individual Defendants named herein, including the heretofore unknown DEFENDANT DOE OFFICERS. Defendant CITY

5

provided its individual employees and agents with official badges and identification cards which designated ad described the bearers as employees of the Defendant CITY and the Long Beach Police Department.

20. At all times relevant to the acts and omissions herein alleged, all individual defendant officers were employed by the Defendant CITY and the Long Beach Police Department, and were acting under color of state law and in the course and scope of their employment with Defendant CITY and the Long Beach Police Department.

21. During the afternoon hours of July 9, 2022, Plaintiffs' decedent, JAIME RODRIGUEZ, a mentally ill man, was approached by Long Beach Police officers at or around at or around 1084 East 17th Street in the City of Long Beach and the County of Los Angeles, State of California, when DEFENDANT DOE OFFICERS, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Long Beach Police Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiff's decedent, JAIME RODRIGUEZ, without having probable cause or reasonable suspicion to believe that JAIME RODRIGUEZ had committed a crime, or would commit a crime in the future.

22. Without warning as the impending use of lethal force, DEFENDANT DOE OFFICERS proceeded to assault and batter JAIME RODRIGUEZ by acts which included, but were not limited to repeatedly and unjustifiably discharging department-issued firearms and 40 millimeter sponge rounds and/or less lethal projectile rounds at the person of JAIME RODRIGUEZ in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, JAIME RODRIGUEZ died as a direct and proximate result of the gunshot wounds inflicted upon his person by DEFENDANT DOE OFFICERS.

23. At no time during the course of these events did JAIME RODRIGUEZ pose any reasonable or credible threat of death or serious bodily injury to

DEFENDANT DOE OFFICERS, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, JAIME RODRIGUEZ posed no reasonable or credible threat of death or serious bodily injury to DEFENDANT DOE OFFICERS, nor to any other individual. Both prior to and during the time in which he was shot dead, JAIME RODRIGUEZ made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable peace officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which DEFENDANT DOE OFFICERS shot and killed JAIME RODRIGUEZ, DEFENDANT DOE OFFICERS were not faced with any circumstances which would have led a reasonable peace officer to believe that JAIME RODRIGUEZ posed an immediate threat of death or serious bodily injury to any person.

24. At all times mentioned herein, DEFENDANT DOE OFFICERS acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY. DEFENDANT DOE OFFICERS deprived JAIME RODRIGUEZ of the rights, privileges and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

25. JAIME RODRIGUEZ had the right to be free from unreasonable governmental seizures of his person, a right which was secured to JAIME RODRIGUEZ, by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of DEFENDANT DOE OFFICERS, which proximately caused the death of JAIMERODRIGUEZ.

26. Plaintiffs are informed, believe, and thereon allege that in unreasonably seizing the person of JAIME RODRIGUEZ, as described in the foregoing paragraphs of

this Complaint, DEFENDANT DOE OFFICERS acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive JAIME RODRIGUEZ of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DEFENDANT DOE OFFICERS in an amount to be proven at the trial of this matter.

27. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DEFENDANT DOE OFFICERS, JAIME RODRIGUEZ was shot and killed on July 9, 2022, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

28. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of DEFENDANT DOE OFFICERS, JAIME RODRIGUEZ was required to employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

29. Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988. For such other and further relief as the Court deems just and proper.

**FOR THE SECOND CAUSE OF ACTION**
**BY ALL PLAINTIFFS**
**Against DEFENDANT DOE OFFICERS For Violations of Civil Rights**
**[42 U.S.C. §1983]**
**(Based on Substantive Due Process Violations)**

30. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

31. This cause of action is to redress rights secured to OLIVIA VILLEGAS and A.R., a minor, as well as decedent JAIME RODRIGUEZ through the Fourteenth Amendment to United States Constitution, and the provisions therein protecting citizens' constitutional rights to be free from invasions of privacy and from unwarranted governmental deprivations into their rights of association with their family members.

32. In shooting and killing Plaintiffs' decedent, as described herein, DEFENDANT DOE OFFICERS acted in a manner unrelated to any legitimate law enforcement objective, and the manner in which DEFENDANT DOE OFFICERS shot killed JAIME RODRIGUEZ, when he posed no reasonable threat of violence to him, would be considered to shock the conscience, considering the gratuitous and unnecessary amount of deadly force employed by DEFENDANT DOE OFFICERS. Moreover, the circumstances faced by DEFENDANT DOE OFFICERS allowed ample time for DEFENDANT DOE OFFICERS to deliberate as to the propriety of his actions prior to using deadly force, and before making the conscious decision to continue to use deadly force, which was not a snap judgment. Notwithstanding this DEFENDANT DOE OFFICERS nevertheless made the deliberate decision to fire, and continue to fire, multiple rounds at MR. RODRIGUEZ in an unlawful manner as described herein.

33. Plaintiffs are informed, believe, and thereon allege that in unreasonably seizing the person of JAIME RODRIGUEZ, as described in the foregoing paragraphs of this Complaint, DEFENDANT DOE OFFICERS acted outside the scope of htheirjurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive JAIME RODRIGUEZ of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary

damages against DEFENDANT DOE OFFICERS in an amount to be proven at the trial of this matter.

34. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DEFENDANT DOE OFFICERS, JAIME RODRIGUEZ was shot and killed on July 9, 2022, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, and loss of the value of his life, all to his damage in a sum to be determined at trial.

35. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of DEFENDANT DOE OFFICERS, JAIME RODRIGUEZ was required to employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

36. Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988. For such other and further relief as the Court deems just and proper.

### FOR THE THIRD CAUSE OF ACTION
### By ALL PLAINTIFFS
### Against ALL DEFENDANTS For Violations of Civil Rights
### [Cal Civ. Code Section 52.1]
### (Based on Civil Rights Violations)

37. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

38. This cause of action is to redress rights afforded to JAIME RODRIGUEZ under Cal Civ. Code Section 52.1.

39. As described in the foregoing paragraphs of this Complaint, in detaining MR. RODRIGUEZ in an unreasonable manner, and later inflicting deadly force on multiple occasions, when the repeated instances of which were unnecessary and

10

unjustified, DEFENDANT DOE OFFICERS used excessive force on multiple occasions, independent of the coercion inherent in the detention as well as in the uses of deadly force which occurred after DEFENDANT DOE OFFICERS fired a round, or rounds, at MR. RODRIGUEZ.

40. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DEFENDANT DOE OFFICERS, JAIME RODRIGUEZ was shot and killed on July 9, 2022, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

41. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of DEFENDANT DOE OFFICERS, JAIME RODRIGUEZ was required to employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

42. Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to Cal. Civ. Code Section 57.1, et seq.

## FOR THE FOURTH CAUSE OF ACTION
**By ALL PLAINTIFFS**
**Against all Defendants for Wrongful Death**
**[Cal. Government Code §§ 815.2(a), 820(a)]**
**(Based on Battery)**

43. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

44. All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

11

45. During the subject incident, Plaintiffs' decedent, JAIME RODRIGUEZ, was approached by Long Beach around 1084 East 17th Street in the City of Long Beach and the County of Los Angeles, State of California, when DEFENDANT DOE OFFICERS, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Long Beach Police Department, negligently addressed the circumstances presented to them, and then violently confronted JAIME RODRIGUEZ, without having probable cause or reasonable suspicion to believe that JAIME RODRIGUEZ had committed a crime, or would commit a crime in the future. Without warning, DEFENDANT DOE OFFICERS proceeded to assault and batter JAIME RODRIGUEZ by acts which included, but were not limited to repeatedly and unjustifiably discharging department-issued firearms at the person of JAIMERODRIGUEZ, inflicting multiple gunshot wounds, which proved to be fatal.

46. As a direct and proximate result of the above-mentioned conduct of DEFENDANT DOE OFFICERS, JAIME RODRIGUEZ was shot on July 9, 2022. After surviving for an appreciable period of time following the shooting, JAIME RODRIGUEZ died as a direct and proximate result of the gunshot wounds inflicted upon his person by DEFENDANT DOE OFFICERS.

47. At no time during the course of these events did JAIME RODRIGUEZ pose any immediate threat of death or serious bodily injury to DEFENDANT DOE OFFICERS, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he shot dead, JAIME RODRIGUEZ made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable peace officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which DEFENDANT DOE OFFICERS shot and killed JAIME RODRIGUEZ, DEFENDANT DOE OFFICERS were not faced with any circumstances which would have lead a

reasonable police officer to believe that JAIME RODRIGUEZ posed and immediate threat of death or serious bodily injury to any person.

48. Plaintiffs are informed, believe, and thereon allege that in shooting JAIME RODRIGUEZ, as described in the foregoing paragraphs of this Complaint, DEFENDANT DOE OFFICERS acted outside the scope of their jurisdictions and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive JAIME RODRIGUEZ of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges.

49. As a direct and proximate result of the above-described conduct of DEFENDANT DOE OFFICERS, and the ensuing death of JAIME RODRIGUEZ, all Plaintiffs herein, has sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and financial support of JAIME RODRIGUEZ in an amount according to proof at trial.

50. As a further proximate result of the above-described conduct of DEFENDANT DOE OFFICERS, and the ensuing death of JAIME RODRIGUEZ, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

**FOR THE FIFTH CAUSE OF ACTION**
**By ALL PLAINTIFFS**
**Against all Defendants for Wrongful Death**
**[Cal. Government Code §§ 815.2(a), 820(a)]**
**(Based on Negligence)**

51. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

52. All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY'S vicarious liability for acts and omissions of

municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

53. In the afternoon hours of July 9, 2022, Plaintiffs' decedent JAIME RODRIGUEZ, was approached by Long Beach around 1084 East 17th Street in the City of Long Beach and the County of Los Angeles, State of California, when DEFENDANT DOE OFFICERS, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Long Beach Police Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiffs' decedent, JAIME RODRIGUEZ, without having probable cause or reasonable suspicion to believe that JAIME RODRIGUEZ had committed a crime, or would commit a crime in the future. Without warning, DEFENDANT DOE OFFICERS proceeded to negligently discharge their department-issued firearms at the person of JAIME RODRIGUEZ, inflicting multiple gunshot wounds, which proved to be fatal. After a significant and appreciable period of time had passed following the shooting, JAIME RODRIGUEZ died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by DEFENDANT DOE OFFICERS.

54. At no time during the course of these events did JAIME RODRIGUEZ pose any immediate threat of death or serious bodily injury to DEFENDANT DOE OFFICERS, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, JAIME RODRIGUEZ was not armed with any kind of weapon, and posed no immediate threat of death or serious bodily injury to DEFENDANT DOE OFFICERS, nor to any other individual. Both prior to and during the time in which he was shot dead, JAIME RODRIGUEZ made no aggressive movement, furtive gestures, or physical movements which would suggest to a reasonable peace officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time, in which DEFENDANT DOE OFFICERS shot and killed JAIME

RODRIGUEZ, DEFENDANT DOE OFFICERS, were not faced with any circumstances which would have lead a reasonable peace officer to believe that JAIME RODRIGUEZ posed an immediate threat of death or serious bodily injury to any person.

55. Plaintiff's are informed, believe, and thereon allege that on and before July 9, 2022, DEFENDANT DOE OFFICERS had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of Sheriff tactics and Sheriff procedures in approaching and/or detaining or arresting civilians and suspects who do not pose an immediate threat of death or serious bodily harm to any person. Notwithstanding each of these duties, DEFENDANT DOE OFFICERS failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the incident involving JAIME RODRIGUEZ, negligently failing to utilize available forms of cover during the incident involving JAIME RODRIGUEZ, negligently failing to maintain a position of tactical advantage during the incident involving JAIME RODRIGUEZ, negligently failing to communicate and/or effectively communicate with JAIME RODRIGUEZ, and with other departmental personnel and resources, during the incident involving JAIME RODRIGUEZ, negligently failing to utilize and/or appropriately utilize less lethal force options and other alternatives less intrusive than deadly force during the incident involving JAIME RODRIGUEZ, negligently failing to deescalate the situation involving JAIME RODRIGUEZ, negligently employing a tactical response to the situation involving JAIME RODRIGUEZ that resulted in the unnecessary and preventable shooting of JAIME RODRIGUEZ, negligently failing to determine the fact that JAIME RODRIGUEZ posed no immediate threat of death or serious bodily injury to any person when he was shot and killed, negligently inflicting physical injury upon

JAIME RODRIGUEZ, as described herein, and negligently employing deadly force against JAIME RODRIGUEZ when the same was unnecessary and unlawful. All of these negligent acts proximately cause JAIME RODRIGUEZ'S death on July 9, 2022.

56. As a proximate result of the above-described conduct of the Defendants, and each of them, JAIME RODRIGUEZ was shot and killed on July 9, 2022

57. As a direct and proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of JAIME RODRIGUEZ , Plaintiffs' herein, has sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection affection, society, moral support, training, guidance, services, earnings, and financial support of JAIME RODRIGUEZ in an amount according to proof at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. For funeral and burial related expenses according to proof at trial;
2. For compensatory damages, including wrongful death damages and surviving damages, in an amount according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: July 13, 2023　　　　　Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By: /s/ Brian T. Dunn
　　BRIAN T. DUNN
　　Attorneys for Plaintiffs